# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD WILSON, | ) | |
| | ) | |
|        Plaintiff, | ) | Case No. CV 08-00053 AJW |
| | ) | |
|        v. | ) | MEMORANDUM OF DECISION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
|        Defendant. | ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

## Administrative Proceedings

The parties are familiar with the procedural history of this case, which is summarized in the Joint Stipulation. [See JS 2-3]. In an April 2007 written hearing decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of degenerative lumbar disc disease and a medial patella fracture of the right knee, but that he retained the residual functional capacity ("RFC") to lift 50 pounds occasionally and 10 pounds frequently and to walk or stand for a total of 6 hours in an 8-hour work day. [Administrative Record ("AR") 20-21]. The ALJ

1  determined that plaintiff's RFC did not preclude performance of his past relevant work as a janitor, and

2  therefore that plaintiff was not disabled. [AR 21-22; JS 2-3].

3                                          **Standard of Review**

4          The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial

5  evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.

6  2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  "Substantial evidence" means "more than

7  a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir.

8  2005).  "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

9  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is

10  required to review the record as a whole and to consider evidence detracting from the decision as well as

11  evidence supporting the decision.  Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006);

12  Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than

13  one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

14  Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

15                                              **Discussion**

16         **Past relevant work**

17         Plaintiff contends that his past relevant work is not within his RFC as delimited by the ALJ, and

18  therefore that the ALJ erred in finding that plaintiff can perform his past relevant work. [See JS 4-22].

19         A claimant is "not disabled" if he retains the residual functional capacity to perform the "actual

20  functional demands and job duties of a particular past relevant job" or the "functional demands and job

21  duties of the occupation as generally required by employers throughout the national economy." Pinto v.

22  Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (quoting Social Security Ruling ("SSR") 82-62); see also

23  Burch, 400 F.3d at 679; Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986) ("The claimant has the burden

24  of proving an inability to return to his former type of work and not just to his former job.").  Information

25  from the Dictionary of Occupational Titles ("DOT"), or the testimony of a vocational specialist, may be

26  used to ascertain the demands of an occupation as generally required by employers throughout the national

27  economy. SSR 82-61, 1982 WL 31387, at *2; Villa, 797 F.2d at 798; cf. Maier v. Comm'r of the Soc. Sec.

28  Admin., 154 F.3d 913, 915 (9th Cir. 1998) (per curiam) (holding that the ALJ properly relied on expert

testimony to deviate from the <u>DOT</u> job classification at step five).  Regardless of which source of job information is used, the ALJ is required to make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work."  <u>Pinto</u>, 249 F.3d at 845 (citing SSR 82-62).

The ALJ found that plaintiff could lift 50 pounds occasionally and 10 pounds frequently and walk or stand, in combination, for 6 hours during an 8-hour work day.  That finding places plaintiff's RFC between medium work and light work.[1]  Based on information in the <u>DOT</u>, job classification number 381.687-018, the ALJ further found that plaintiff could perform the "medium[,] unskilled" job of janitor as generally performed in the national economy. [AR 21].

Plaintiff argues that he cannot perform the <u>DOT</u> job of janitor because the ALJ found that he can frequently lift no more than 10 pounds.  Plaintiff is correct that he cannot meet the strength demands of medium work with the RFC assessed by the ALJ, and that the <u>DOT</u> classifies the job of janitor or "industrial cleaner," job number 381.687-018,  as "medium work."

Defendant argues that the label "medium work" is not controlling because the  <u>DOT</u> explains that the job involves "[e]xerting 20 to 50 pounds of force occasionally . . . and/or *10 to 25 pounds of force frequently,*" and that plaintiff's "RFC meets the range of strength required" by the <u>DOT</u>.  That plainly is not so. The <u>DOT</u> says that the job of janitor requires frequently lifting weights as light as 10 pounds and as heavy as 25 pounds.  Plaintiff can lift no more than 10 pounds frequently.  Therefore, he cannot meet the range of strength demands required to perform the job of janitor as generally required by employers in the national economy according to the <u>DOT</u>.  Plaintiff's RFC also precludes him from performing the job of janitor as he actually performed it, because his actual past job involved frequently lifting weights from 20

---

[1]   "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. The full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. 20 C.F.R. §§ 404.1567(b), 416.967(b). "Medium work"  involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. An individual who can perform medium work also can perform sedentary and light work. 20 C.F.R. §§ 404.1567(c), 416.967(c). The <u>DOT</u> definitions are identical. See <u>DOT</u>, Appendix C (4th ed. rev.1991).

to 50 pounds. [AR 53, 70].[2]  Accordingly, the ALJ's finding that plaintiff can perform his past relevant work cannot stand.

**Remedy**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S.  1038 (2000).  The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)).  The "general rule [is] that the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." Harman, 211 F.3d at 1179.

The proper remedy in this case is a remand for further administrative proceedings limited to the issue whether plaintiff can perform alternate jobs available in significant numbers in the national economy with the RFC  assessed by the ALJ in his April 2007 decision.  On remand, the ALJ shall issue a new decision containing appropriate findings.

**Conclusion**

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and does not reflect application of the proper legal standards.  Accordingly, the Commissioner's decision is reversed, and the case is remanded for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

DATED: November 14, 2008

_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[2]     The ALJ also found that plaintiff has past relevant work as a construction laborer [AR 17], which plaintiff described as involving heavy work. [AR 57, 70].  Nothing in the record suggests that plaintiff could perform that job with the RFC assigned by the ALJ.